IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-96-84-D |
| | ) | |
| HAROLD EUGENE BELL, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Harold Eugene Bell's *pro se* Motion for Relief from Judgment Under Rule 60(b)(6) [Doc. No. 298], filed November 30, 2012. Defendant seeks relief from a prior decision recharacterizing his first post-conviction motion (filed *pro se* in 1999) as a motion to vacate his sentence under 28 U.S.C. § 2255. As recited in the present Motion, the first denial of § 2255 relief occurred in April, 1999, and was affirmed in September, 1999.[1] In affirming the denial of relief, the court of appeals expressly determined that the presiding judge, District Judge Ralph G. Thompson, did not err in treating the motion as one requesting relief under § 2255. *See United State v. Bell*, No. 99-6170, 1999 WL 713320, *1 (10th Cir. Sept. 14, 1999).

Defendant's latest procedural maneuver fails for multiple reasons. First, Defendant has previously filed a motion for relief from the first 1999 decision. The motion, denominated a "Request for consideration of initial sec.2255 motion to vacate, set aside or correct sentence" [Doc.

---

[1] Defendant has filed numerous additional motions, all of which have been denied. He requested in October, 1999, to file a second § 2255 motion; he sought reconsideration of his initial § 2255 motion in February, 2005; and he moved in April, 2005, for reconsideration of the February denial. Defendant then filed in March, 2006, a petition for a writ of error coram nobis, which was denied as "simply his latest effort to circumvent the procedural limitations imposed by 28 U.S.C. §§ 2244(b) and 2255." *See* Order 3/24/06 [Doc. No. 255] at 2. Defendant also filed a successive § 2255 motion in 2007, which was transferred to the court of appeals for authorization; the matter was dismissed due to Defendant's failure to file the required motion. Defendant was also denied relief under 18 U.S.C. § 3582(c)(2) in December, 2009.

No. 239], was followed by a "Motion for Reconsideration and Clarification" [Doc. No. 243]. On appeal, the Tenth Circuit concluded that, although the motion could be considered under Fed. R. Civ. P. 60(b) pursuant to the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), Judge Thompson did not abuse his discretion in denying Rule 60(b) relief. In fact, the court of appeals determined that the disposition was "not debatable at all." *United States v. Bell*, 159 F. App'x 48, 49 (10th Cir. 2005). Also, the issues that Defendant seeks to revisit in the instant Motion have previously been decided. *See United State v. Bell*, No. 99-6170, 1999 WL 713320, *1 (10th Cir. Sept. 14, 1999). Finally, Defendant seeks relief from a 1999 decision under Rule 60(b)(6), which requires that a motion must be filed "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1). Defendant's thirteen-year delay is unreasonable, even when the reasons for delay stated in Defendant's proposed amendment of his Motion are considered. *See* Def.'s Mot. Amend Pursuant to Fed. R. Civ. P. 15(a)(1), attach. 1 [Doc. No. 299-1], at 6-10.

For all of these reasons, the Court finds that Defendant's latest quest for post-conviction relief should be denied.

IT IS THEREFORE ORDERED that Defendant's Motion for Relief from Judgment Under Rule 60(b)(6) [Doc. No. 298] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Amend Pursuant to Fed. R. Civ. P. 15(a)(1) [Doc. No. 299] is GRANTED. Defendant's Amended Rule 60(b)(6) Motion [Doc. No. 299-1] has been fully considered.

IT IS SO ORDERED this 18th day of December, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE