IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-96-84-D |
| HAROLD EUGENE BELL, | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's *pro se* Motion to Reconsider Defendant Harold Bell's Request for Appointment of Counsel [Doc. No. 337]. Defendant asks the Court to reconsider its Order of July 27, 2015, denying his request for legal assistance in preparing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

In denying Defendant's motion to appoint counsel [Doc. No. 335], the Court declined to exercise its discretion to furnish representation for a new § 2255 proceeding because Defendant provided insufficient information to permit a determination "'that the interests of justice so require.'" *See* Order of July 27, 2015 [Doc. No. 336], p.1 (quoting 18 U.S.C. § 3006A(a)(2)). The Court noted that Defendant stated only a belief that a change in the law provides a new ground for relief from his sentence; he did not explain how the change satisfied the requirements of § 2255(h) in light of his prior efforts to obtain post-conviction relief. In the instant Motion, Defendant provides additional information that might permit such a determination. He states that certain felony convictions on which his mandatory life sentence were based have been reduced to misdemeanors due to a change in California law,

and he invokes the exception to statutory limits on successive § 2255 motions recognized in *In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013) (if state-court convictions used to enhance federal sentence were vacated after defendant's first § 2255 proceeding was concluded, a new § 2255 claim based on the vacatur was not "second or successive" and did not require court of appeals' prior authorization under § 2255(h)).

Defendant seeks reconsideration of an order entered in his criminal case more than two months ago. The court of appeals has held that while criminal defendants may move for reconsideration of adverse rulings, such motions "cannot be brought at simply any time." *See United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011). "Because motions to reconsider in criminal cases are not grounded in a rule or statute, the time limits are not well established." *Id*. The court has looked to the nature of the underlying order to determine what time limit to apply and, generally, has applied the time limit for taking an appeal. *See id*. at 1242-43. In this case, even if Defendant's Motion is viewed as related to a § 2255 proceeding and subject to a 60-day time limit for appeal in such an action (*see United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993)), it is untimely and may properly be denied on this basis alone. *See id*. at 1243; *see also United States v. Green*, No. 15-6098, – F. App'x –, 2015 WL 5316506, at *4 (10th Cir. Sept. 14, 2015).[1] The Motion was received by the Clerk and filed in the case record on October 5, 2015; it contains a certificate of service that does not comply with Fed. R. App. P. 4(c) or qualify for benefit of the prison mailbox rule. *See*

---

[1] Unpublished opinions are cited in this Order pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

*United States v. Gray*, 182 F.3d 762, 765-66 (10th Cir. 1999); *see also Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005) (summarizing means to establish timely filing under the mailbox rule).

Even if the Motion were timely, reconsideration of a prior ruling falls within the discretionary authority of a district court. As recently explained by the court of appeals:

> A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Id*.

*United States v. Christy*, 739 F.3d 534, 539 (10th Cir.), *cert. denied*, 135 S. Ct. 104 (2014). Here, Defendant does not present any circumstance that would justify reconsideration of the Court's prior ruling. He merely wishes to revisit issues that have already been addressed, and to present facts and arguments that could have been raised in his initial request for counsel.

Further, were the Court to revisit the initial motion, the Court would find insufficient reason, even in light of newly stated facts, to exercise its discretion to appoint counsel to represent Defendant in connection with his proposed § 2255 motion. The court of appeals has identified factors to be considered in determining whether to appoint counsel, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the issues raised by the claims." *See*, *e.g.*, *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The issues to be raised in Defendant's new § 2255 claim are not complex, and he has demonstrated in numerous prior

filings an adequate ability to articulate and present legal claims. Under these circumstances, an appointment of counsel for collateral review of Defendant's sentence is not warranted.

Further, the court of appeals recently determined in *United State v. McGee*, No. 15-5063, – F. App'x –, 2015 WL 5203846 (10th Cir. Sept. 8, 2015), that a claim like the one Defendant seeks to assert – alleging that a California voter initiative resulting in the reduction of certain felony drug convictions to misdemeanors – did not involve the denial of a constitutional right, but the construction and application of 21 U.S.C. § 841, and did not provide a basis for relief under § 2255. *Id.* at *3.[2] In light of *McGee*, the Court is persuaded that Defendant's Motion does not identify a meritorious § 2255 claim. Defendant, like Mr. McGee, received a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A). Therefore, the Court finds that Defendant has failed to justify reconsideration of his request for counsel to assist him in pursuing the claim.

IT IS THEREFORE ORDERED that Defendant's Motion to Reconsider Request for Appointment of Counsel [Doc. No. 337] is DENIED.

IT IS SO ORDERED this 15th day of October, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Notably, the court in *Weathersby* concluded only that the claim asserted in that case was not a second or successive § 2255 claim; the court "express[ed] no opinion on whether [the] new claim would be timely, or on whether the claim would have any merit." *Weathersby*, 717 F.3d at 1111 (citations and parenthetical omitted).

4